FRANCIS M. HALE vs. ALBERT MORSE AND ANOTHER.

A payment of a part of a debt accompanied by acts or declarations showing that the debtor does not intend to pay more, will not revive the unpaid balance of the debt if it is barred by the statute of limitations, nor arrest the running of the statute if it is not barred.

ASSUMPSIT, brought by appeal from a justice of the peace to the Superior Court in Litchfield County, and reserved, upon the demurrer of Treadway, one of the defendants, who alone made defence, to the surrejoinder of the plaintiff, for the advice of this court.

*G. A. Hickox*, in support of the demurrer.

*H. B. Graves* and *H. H. Prescott*, contra.

PARDEE, J.  In December, 1871, the defendants, Morse and Treadway, partners, executed and delivered to the plaintiff a note payable to his order at bank two months from date for thirty-five dollars.  Neither payment nor subsequent promise to pay was made by either debtor, except that in August, 1876, Morse paid ten dollars upon it.  Of this payment the defendant Treadway, who alone defends, says in a rejoinder that Morse made said payment, "intending, after having paid a certain proportion of the amount due by said note, to claim a full discharge from all liability upon said note; that the plaintiff assented to said claim and agreed with said Morse not to hold him to any further liability upon said note, or to make any further claim upon him for the balance left unpaid upon said note." The plaintiff in his surrejoinder says that the agreement between himself and Morse concerning this payment was "that if Morse made said payment upon said note, he the plaintiff would not levy execution or collect the balance due upon said note against said Morse, but that the plaintiff should collect the balance due on said note of said Tread-

way; and the plaintiff says that he has not discharged said Morse or agreed to discharge him from payment of said note except as herein set forth," &c.

Upon the plaintiff's pleadings Morse came to him speaking for himself alone—in his own behalf only. He explicitly limited his payment to ten dollars; he refrained from making any promise to pay more; and beyond that he required from the plaintiff an agreement not to force him to pay more; thus barring out the inference which might have been drawn from the act of payment unexplained. A payment accompanied by acts or declarations showing that the debtor does not intend to pay more, will not revive the unpaid balance of a debt upon which the statute of limitations has taken effect; and a payment or promise which would not suffice to recall a dead debt to life will not prolong the life of an existing one. This payment thus limited to ten dollars would have had no effect beyond that sum upon a barred debt; the rights and liabilities of the respective parties would have remained unchanged; the creditor would have gained ten dollars from a voluntary act of the debtor, nothing more; and that is the precise measure of the gain to the plaintiff by the payment in question. It did not prolong the life of the debt against either of the debtors; for even if his desire had been otherwise, the payment by Morse reached no farther as against his partner than as against himself; his limitations secured equal protection to both.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.