## Mason *versus* Rogers.

1. Interest, which the vendor of land sold subject to a life estate covenants to pay his vendee on instalments of purchase money paid by the latter, until he is put in possession, is not in the nature of rent. The claim therefor is personal; neither running with the land nor becoming a lien thereon for the amount unpaid, and does not pass to the purchaser of the land at a sheriff's sale of the vendee's interest.

2. A. bought lands of B., subject to the life estate of C. By an agreement under seal between the parties, A. was to pay the purchase money in instalments and was not to have possession until C.'s death. If C. died before all the instalments became due A. was to pay B. interest, from that time, on those still due; on the other hand B. agreed to pay A. interest on instalments paid by the latter from date of payment until C.'s death. B. gave A. a deed, and the latter gave notes for the purchase money, which B. sold before maturity. A. paid the notes which matured, and B. paid him interest on the amounts thus paid, until the land was sold at sheriff's sale under a judgment against A., when B. refused to make further payments. A.'s outstanding notes for purchase money were paid out of the proceeds of this sale. A. then brought suit against B. (C. being still alive), for interest on the former's payments of purchase money, made before the sheriff's sale.

   *Held*, that A.'s claim against B. was personal, and was not transferred to the purchaser at the sheriff's sale nor affected thereby, but would terminate only when a right of possession accrued to A. or his successor in title, by the death of C.

[Mason *v.* Rogers.]

March 18th, 1885.  Before MERCUR, C. J., GORDON, TRUN-
KEY, STERRETT and CLARK, JJ.  PAXSON and GREEN, JJ.,
absent.

ERROR to the Court of Common Pleas of *Bradford county :*
Of January Term 1885, No. 355.

This was an action of covenant, by John G. Mason against
James A. Rogers, upon an agreement for the sale of certain
real estate subject to a life estate.

James A. Rogers was the owner in fee in remainder of a
certain tract of land in Bradford county, the life estate therein
being in Minerva Rogers, widow, under the will of her de-
ceased husband, R. R. Rogers.  On March 29th, 1870, James
A. Rogers entered into a written contract for the sale of his
title to John G. Mason, as follows :

"This indenture made . . . . . between James A. Rogers
. . . . . of the first part, and John G. Mason . . . . . of the
second part, . . . . . witnesseth :  That the said James A.
Rogers has sold unto the said John G. Mason all that part of
his farms lying . . . . . , for the sum of $2,500, be the same
more or less, to be paid as follows, viz. : $200 on the first day
of October next, and $1,000 two years from next fall, in time
to meet the claims of a mortgage now against the property
recently purchased by said Rogers in the township of Lind-
ley, Steuben county, and state of New York, and the balance
in two equal annual payments ; the first to become due one
year after payment of the $1,000 is due, and the second one
year thereafter.  And if said John G. Mason, his heirs, ex-
ecutors and administrators, should come in possession of
said property before said payments are due by the decease
of the mother of said Rogers, she being the widow of Ras-
well R. Rogers, deceased, then from such time he is to pay
interest on the whole sum unpaid from such date ; and if
said Mason shall not come into possession of said property
until said payments are made, then said Rogers to allow him
the interest on all such sums as he shall have paid from time
of payment to the time of his having possession.  Whereas,
all the property is now in the possession of R. R. Rogers'
deceased, widow, except a small lot and dwelling house on
the southwest corner, and in which she has a life interest :
therefore the said James A. Rogers hereby reserves all her
rights and interest which she has by virtue of the last will
and testament of her late husband, deceased, or by any agree-
ment, division or arrangement made since by her and the ex-
ecutors of said R. R. Rogers, deceased ; and further, said
Rogers reserves his wood and stoves, and all his movable
and personal property and effects about his house and barn;
with the right to remove the same.  Said James A. Rogers to

convey the same by his deed to said Mason at any time within three weeks from this date."

In pursuance of this contract James A. Rogers gave Mason a deed for the land described, and took judgment notes for the purchase money, which he disposed of before maturity. Mason paid $1,100, and the notes for the balance were held by one Parkhurst. On January 30th, 1879, the land in question was sold by the sheriff on other judgments against Mason, and Parkhurst's claim was paid out of the proceeds of this sale, the widow of R. R. Rogers, who was the life tenant, being still alive. After this sheriff's sale James A. Rogers, who had hitherto been paying Mason interest on his $1,100 payment, refused to make further payments thereof, and Mason brought this suit against Rogers to recover interest on the $1,100 since the date of the sheriff's sale, the life tenant being still alive and in possession.

After plaintiff's evidence was in, the court, on motion, granted a compulsory nonsuit, on the ground that the plaintiff's entire interest in the land was under the contract, and was divested by the sheriff's sale, and that he was therefore not entitled to $66 per annum out of land in which he no longer held any interest. A subsequent rule to set aside the judgment of nonsuit was discharged by the court; whereupon the plaintiff took this writ, assigning for error the granting of the nonsuit and the refusal of the court to set it aside.

*H. N. Williams* (with whom were *N. C. Elsbree, L. Elsbree & E. J. Angle*), for plaintiff in error.—The covenant between Rogers and Mason for the payment of interest was a personal covenant, and did not run with the land: Rawle on Covenants, 11. Nor did this interest partake of the nature of rent: 2 Black. Com., 41; Washburn on Real Property, 5. The interest was an agreed compensation for the want of use of the land, resulting from the life estate. and constitutes a chose in action in which there is no element of realty.

There is no merit in James A. Rogers whereby he should be relieved from the payment of this money, until the death of his mother. He sold incumbered land ; agreed to compensate for the incumbrance. His mother is alive, and Mason's misfortunes and inability to pay his debts is no equity or merit in him. Rogers has had the full benefit of his contract. He took Mason's notes ; sold them long before they were due, the $1,000 note to Joel Parkhurst, and the $1,100 one to Walker & Lathrop, thereby having the full fruits of his property at once. Mason paid his money, and as yet has had no fruits of his purchase. Rogers' covenant is personal, positive and unequivocal, to pay Mason interest on this purchase money

13 OUTERBRIDGE—21

[Mason v. Rogers.]

until the death of Minerva Rogers. This covenant is not dependent on any contingency, is certain in amount, and continues until the happening of an event that must take place. What more is needed to enable Mason to recover?

*Shaw & Sechrist* and *Rockwell & McCollom*, for defendant in error.—Mason cannot recover for the use of land to which he had neither equitable nor legal title.

The subject matter in this case is real estate. The amount in dispute is an interest in the same. Plaintiff has no claim except such as came from the land, and that interest was agreed by the parties to be the use of the same during the time that plaintiff should be kept out of possession by reason of Mrs. Rogers' life interest in the same. Before her interest ceased, the plaintiff suffered his interest in the land to be taken from him by virtue of a sheriff's sale. He no longer controls the land which was the subject of the contract. He was paid all he could in equity or law require from the defendant. His property has gone to pay his honest debts. By this action he seeks to recover something for nothing. The court below could not see how this could be done, and so informed the jury. In this we see no error.

Chief Justice MERCUR delivered the opinion of the court, October 5th, 1885.

Mason bought of Rogers certain lands subject to the life estate of Mrs. Roswell R. Rogers. The consideration to be paid was fixed on a valuation of the entire property when this life estate should terminate, an event which the parties thought would not be long delayed. In the meantime the purchaser was not to have any possession, and was not to pay interest on the purchase money, which was $2,500. He was to make the first payment of $200 in October following, and the residue of the purchase money in three annual instalments thereafter. If by the death of Mrs. Rogers he came into possession before the payments became due, he was to pay interest from such time on the whole sum unpaid. If, however, the payments should be made before he came into possession, then he was to be allowed interest on all sums so paid from the time of payment until he should be entitled to the possession.

Mrs. Rogers is still living, and the purchaser obtained possession of only a small portion of said property, under what arrangement does not distinctly appear.

It appears that the plaintiff gave his notes for the purchase money, and the defendant disposed of all of them before they matured. The plaintiff paid some of them and interest on the others to the holder thereof. After paying to plaintiff

some of the interest which he had paid, the defendant refused to pay further, for the reason that the land had been sold at sheriff's sale on judgments against Mason. The learned judge thought this sale was fatal to the plaintiff's right to recover, and directed a compulsory nonsuit, which he refused to take off. This is assigned for error.

The evidence is that the portion of the purchase money not paid by the plaintiff before the sheriff's sale, was paid out of the proceeds of that sale. Thus it has all been paid, either directly or indirectly, by the plaintiff; yet the time has not arrived to give a right of possession to either the plaintiff or to the purchaser of his title.

As we have already stated, the agreement expressly provided that he should be entitled to interest on the sums he might pay before his right of possession accrued. It is a mistake to treat this interest money as rent. It does not issue out of the land. It cannot be collected by distress. It has none of the incidents appertaining to rent. The learned judge was also mistaken in holding that the sheriff's sale prevented a recovery by the plaintiff. The agreement was a personal contract between the parties thereto. It did not run with the land, nor did the plaintiff's claim for interest paid, become a lien thereon. The judgment on which the sale was made was a lien on the estate or interest only which Mason held in the land. The purchaser at sheriff's sale took no greater interest than this. The sale did not divest the life estate of Mrs. Rogers. It gave to the purchaser no right of possession during her life. It did not transfer to him any personal claim the plaintiff had or might have against the defendant. The purchaser bought with full knowledge or means of knowledge that he would not have a right to possession until after the death of Mrs. Rogers.

The plaintiff's right to recover interest did not fall by a sale of his interest in the land. It terminates only when a right of possession accrues to him or to the successor in his title, and the learned judge erred in holding otherwise.

Judgment reversed and a venire facias de novo awarded.