(5 Misc. Rep. 213; 23 Civil Proc. R. 225.)

## COMPTON v. BOWNS.

(Common Pleas of New York City and County, General Term. October 2, 1893.)

1. APPEAL—RULING ON UNCONTRADICTED EVIDENCE—CASE.
    A question of law upon uncontradicted evidence is raised by an exception to the ruling of the court, and, to present that question on appeal from the city court, it is not necessary that the case should purport to contain all the evidence.

2. LIMITATION OF ACTIONS—PART PAYMENT.
    A payment made and intended as of the whole amount due, and in discharge of the entire indebtedness, is ineffectual as part payment to defeat the operation of the statute of limitations.

3. SAME—MUTUAL ACCOUNTS.
    An account of items upon one side, and payments merely upon the other, is not a mutual account.

**4. SAME—PAYMENT OF BALANCE.**
 Payment of the ascertained balance of an account in settlement of the dealings between the parties does not constitute an item of account from which the statute of limitations begins to run, within section 386, Code Civil Proc.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Oscar Compton against Henry E. Bowns on an account for balance of commissions on sales of cargoes of coal for defendant. The last debit item of the account was dated August 18, 1881. Subsequently payments were made by defendant on the account, the last payment being made June 7, 1882. The action was begun June 7, 1888. Judgment for plaintiff was given on the verdict of the jury. From a judgment of the general term of the city court (22 N. Y. Supp. 920) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Putney, Bishop & Slade, (James L. Bishop, of counsel,) for appellant.

Hyland & Zabriskie, for respondent.

PRYOR, J. Upon the conclusion of plaintiff's evidence, the defendant moved to dismiss the complaint, on the specific ground that the claim in suit was barred by the statute of limitations; and, again, at the close of the case, for the same reason, he requested the direction of a verdict in his favor. To enable us to determine whether, in denying the motions, the court below committed legal error, it is not necessary that the record should purport to contain all the evidence. Remsen v. Wheeler, (N. Y. App.) 24 N. E. Rep. 704; Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482. The exception to the denial of the motions duly presents the question for adjudication. Turner v. Weston, 133 N. Y. 650, 651, 31 N. E. Rep. 91.

It is conceded that the statute of limitations is a conclusive answer to the action, unless the defense be obviated by the payment on the 7th of June, 1882. The legal effect of that payment is the solitary question before us. Treating the payment as on account of a claim against which the statute was running, its inefficacy to prevent the bar is plainly apparent. By the uncontroverted evidence, the payment was of the balance of account between the parties, and was intended by the defendant in full settlement of his entire indebtedness to the plaintiff. "The account on February 15th stood to his credit,—$359.54. I added interest to June 7th,—$6.78,—which made $366.42. * * * I gave him a check on June 7, 1882, adding interest from February 15th. The amount was $366.42. * * * This closed the whole business." To the same effect is the testimony of the plaintiff himself: "I received a sum of money from him by check dated June 7, 1882,—$366.42. That sum was the balance shown by his account; * * * just the sum which Mr. Bowns admitted to be due to me." It is ele-

mentary law that the effect of part payment, in defeating the operation of the statute of limitations, depends upon the promise it implies to pay the residue; but if the payment be intended, not as a discharge pro tanto, but as a complete liquidation of the entire demand, how can an engagement to pay more be inferred? The implication of an acknowledgment of the continuance of the debt from an act supposed and designed to extinguish it, and of a promise of further payment from a payment made and intended as final and complete, is a palpable absurdity.    Arnold v. Downing, 11 Barb. 554; Harper v. Fairley, 53 N. Y. 442; Sands v. Gelston, 15 Johns. 511; Hale v. Morse, 49 Conn. 481; Weston v. Hodgkins, 136 Mass. 326; Parsons v. Clark, 59 Mich. 414, 26 N. W. Rep. 656; Wood, Lim. Act. § 97; Busw. Lim. § 77.    Apprehending the force of the foregoing argument, the respondent seeks shelter under section 386 of the Code of Civil Procedure, but this provision is as ineffectual as section 395, to rescue his claim from the operation of the statute.    For, in the first place, the account, consisting apparently of debits on the one side, and payments on the other, is not the "mutual, open, and current account, where there have been reciprocal demands between the parties," contemplated by the statute, (Green v. Disbrow, 79 N. Y. 1;) and, in the second place, if it be such an account, still the payment relied on to defeat the statute, being in discharge of the balance upon a closed account, and in final settlement of the transactions between the parties, cannot, in the nature of things, be that "item" in "an open and current account" from which the cause of action accrues and the statute of limitations begins to run.    The proposition is so self-evident as to dispense with argument to elucidate and sustain it.    It is an inevitable corollary from the reason of the rule of limitation applicable to mutual accounts.    Green v. Disbrow, 79 N. Y. 1, 10; Gunn v. Gunn, 58 Amer. Rep. 447, 454.    Judgment reversed, and a new trial ordered; costs to abide the event.    All concur.