(24 Misc. Rep. 728.)

### FENNELL v. BLACK.

(Supreme Court, Appellate Term. October 5, 1898.)

1. LIMITATION OF ACTIONS—MUTUAL ACCOUNTS.

An account contained two separate items for work, one performed in 1892 and the other in 1894. No payment was made on account of either, and no set-off or cross demand existed in favor of defendant, and there were no circumstances from which an understanding that there should be a running account could be implied. More than six years had elapsed since the date of the first item. *Held*, that it did not constitute a current account, within the meaning of Code Civ. Proc. § 386, providing that, upon a mutual open and current account, where there had been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item.

2. APPEAL—REVIEW.

Where there was sufficient evidence to support a finding for either party, the finding of the trial court will not be disturbed.

Appeal from Seventh district court.

Action by John Fennell against Joseph R. Black. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before BEEKMAN, P. J., and GIEGERICH, J.

Earley & Prendergast, for appellant.

Joseph I. Green, for respondent.

GIEGERICH, J. This action was commenced on the 5th day of February, 1898, by the personal service of the summons upon the defendant, and was brought to recover the sum of $135 for covering steam pipes in four certain houses situate in West 39th street, in the city of New York; and the further sum of $140 for similar work in two houses in 110th street, between Fifth and Madison avenues, in said city, and three houses in 89th street and Park avenue, of the same place,—all of which work, it is claimed, was performed at the request of the defendant and upon his credit. The defense was a general denial, and the statute of limitations was invoked as to the first item. As to the latter, the plaintiff testified that the work was performed about 1893; but the bill therefor presented by him to the defendant bears date the 24th day of January, 1892, and reads: "To covering pipe as per contract, $135.00." The defendant, on the other

hand, gave testimony to the effect that the services were rendered in the fall of 1891. It is therefore, to my mind, fair to assume, from all these circumstances, that the work was finished prior to the date of said bill, and not in January, 1893, as set forth in plaintiff's bill of particulars. It is urged, however, that the defense that the said item was barred by the statute of limitations has been obviated, because, as claimed, there was a mutual, open, and current account between the parties litigant, as contemplated by section 386 of the Code of Civil Procedure.

In order to constitute a current account, within the meaning of said section, there must be items upon both sides, debit and credit. Where all the items are on one side, the last item, though within six years, does not draw after it those of longer standing. Coster v. Murray, 5 Johns. Ch. 522; Edmondstone v. Thomson, 15 Wend. 554; Green v. Disbrow, 79 N. Y. 1; Compton v. Bowns, 5 Misc. Rep. 213, 25 N. Y. Supp. 465. As was said by Earl, J., in Green v. Disbrow, 79 N. Y. 8: "There must be an account of mutual dealings, not an account of items only upon one side, or an account of items upon one side upon which there had been simply payments not within six years upon the other side." In the case at bar the evidence clearly shows that the work embraced in each of the above-mentioned items was done under a separate and distinct contract; the first, as we have seen, having been performed prior to January 24, 1892, and the other in the year 1894. No payment was made on account of either job; no set-off or cross demand exists in favor of the defendant against the plaintiff; and, there being no circumstances from which any implication could be raised of an understanding between the parties that there should be a running account, it must be held that there were no reciprocal demands between the parties within the purview of the above-cited section of the Code, and hence the limitation of six years provided by section 382 of said last-mentioned enactment applies to the first item. The evidence touching the other claim was, in my opinion, sufficient to justify the finding of the justice, as is assumed from the judgment, that the work was done upon the sole credit of the defendant, and upon his promise to pay for the same. While there was sufficient evidence in the case to support a finding either way, it was nevertheless the function of the trial justice to determine on which side the weight of the evidence inclined, or that it did not preponderate in favor of the plaintiff, and, having found for the latter, we should not disturb his conclusion in respect to the said second item. He had the advantage of observing the witnesses and the manner in which they gave their testimony, and hence was in a better position than we are of judging as to their credibility. It cannot, therefore, be said that the case is one which would justify a reversal of the judgment as to said last-mentioned item upon the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Berman v. Goldsand, 22 Misc. Rep. 735, 49 N. Y. Supp. 1098.

It follows from these views that the judgment should be modified by reducing it to $183.30 damages and costs, and, as modified, affirmed, without costs.

BEEKMAN, P. J., concurs.