## MEEHAN v. FIGLIUOLO.

(Supreme Court, Appellate Term. June 23, 1904.)

**1. PLEADINGS—AMENDMENT—MUNICIPAL COURT PRACTICE.**
    On the day of trial of a cause in which the pleadings were oral, and
before introduction of material testimony, defendant's counsel remarked:
"The pleadings in this case were amended, I think. We could not fully
plead until we saw the bill of particulars. We want to add the statute
of limitations to our defense." Plaintiff's attorney replied that "they have
not been amended, but we will consent to their making any amendments
they want to." *Held* that, under the liberal practice allowed in the Mu-
nicipal Court, the pleadings were amended, and set up the statute of limi-
tations.

**2. LIMITATION OF ACTIONS—OPEN AND CURRENT ACCOUNT.**
    In an action for services as an architect in drawing plans "between
September 1, 1897, and March 1, 1898," it appeared that plans were de-
livered in November or December, 1897, and plans for another structure
were delivered in March or April, 1898. There was evidence of dealings
between the parties subsequent to 1897, but it was only an employment
of the defendant by the plaintiff, and a payment in cash. *Held*, that there
was not shown a mutual, open, and current account between the parties,
within the meaning of Code Civ. Proc. § 386, making the statute of limita-
tions inoperative on the separate items of such account, and the claim for
services in November or December of 1897 was barred.
    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Action by James F. Meehan against Julius Figliuolo. From a judg-
ment for plaintiff, defendant appeals. Affirmed conditionally.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT,
JJ.

Wager, Acker & Wager, for appellant.
Oliver E. Davis, for respondent.

FREEDMAN, P. J. The plaintiff recovered a judgment in this
case for $250 and costs. The pleadings were oral, and the plaintiff,
in his bill of particulars filed, claimed for services as an architect in
drawing sketches, plans, etc., for the defendant "between September
1, 1897, and March 1, 1898." Upon the return day of the summons
the defendant had interposed a general denial as his answer. Upon
the day of the trial, and before any material testimony had been given,
the defendant's attorney said:

"The pleadings in this case were amended, I think. We could not fully
plead until we saw the bill of particulars. We want to add the statute of
limitations to our defense."
    Plaintiff's attorney: "They have not been amended, but we will consent to
their making any amendments they want to."

Nothing further was said as to amending the pleadings. The plans
drawn by the plaintiff consisted of a set for the erection of two
houses, which were drawn and delivered to the defendant in Novem-
ber or December, 1897, and for which plaintiff claimed, and was al-
lowed by the trial court, the sum of $200, and a plan for a retaining
wall, which was drawn and delivered to defendant in March or

April, 1898, for which plaintiff was allowed the sum of $50. This action was begun in February, 1904. Under the liberal practice permitted in the Municipal Courts, it must be held that the defendant interposed the statute of limitations as a defense in this action, and the pleadings as being amended so as to set that up. That being so, the charge for the plans for the two houses delivered to the defendant in November or December, 1897, would fall within the provisions of that statute, and the plaintiff be barred from recovering therefor, unless there was such a mutual, open, and current account between the parties, etc., as provided in section 386 of the Code of Civil Procedure. This does not appear to have been the case. It was shown that there had been dealings between the parties subsequent to 1897, but it was only an employment of the defendant by the plaintiff, and a payment by the plaintiff to the defendant in cash for services rendered. This was not such a course of mutual dealings as to constitute an open and current account, within that section and the decisions thereunder. Fennell v. Black, 24 Misc. Rep. 728, 53 N. Y. Supp. 797. This item of $200 should, therefore, not have been allowed. As to the item of $50, the testimony is conflicting, and the decision of the trial court may be upheld.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event, unless plaintiff will consent to modify the judgment by reducing the amount of recovery to $50 and costs in the court below, in which event the judgment as modified is affirmed, without costs of this appeal to either party.

SCOTT, J., concurs.

MacLEAN, J. (dissenting). Title 4 of the Municipal Court act (Laws 1902, p. 1534, c. 580), providing rules and details for plaints and defenses, would seem bootless, if a pleading be held amended upon mere expression of desire by one party, and response by the other that he may make any amendment he may wish, with the court silent.