## ELWOOD v. HUGHES.

(Supreme Court, Appellate Term. March 5, 1908.)

1. PROCESS—SUMMONS—DELIVERY FOR SERVICE—EVIDENCE.
> Where summons, issued August 2d, was returnable August 14th, an affidavit of him to whom the summons was given for service, made August 13th, four days before an item sued on would be barred by limitation, that after due and diligent search affiant was unable to find defendant, so as to serve him, overcomes an objection that the summons was not actually delivered for service before limitations ran.

2. LIMITATION OF ACTIONS—ACCOUNTS—ITEMS.
> One item of an account proven to exist within six years of the bringing of suit will not draw after it other items of more than six years' standing, so as to prevent a bar by limitations, unless there were mutual accounts and reciprocal demands between the parties.
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 285.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by George A. Elwood against Joseph J. Hughes. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Charles Lex Brooke, for appellant.
Robert J. Haire, for respondent.

GILDERSLEEVE, P. J. This action is brought to recover for goods sold and delivered by the plaintiff to the defendant. The answer was a general denial and the statute of limitations. The claim of the plaintiff was for three sales of goods—one, made July 23, 1901, amounting to the sum of $32; the second, made July 29, 1901, amount-. ing to the sum of $60; and the last one, made August 16, 1901, amounting to the sum of $80. The defendant denied ordering the goods; but the finding of the justice in favor of the plaintiff upon this issue of fact had sufficient evidence to support it, and need not be disturbed.

The original summons was issued on August 2, 1907. This summons was returnable on the 14th day of August, 1907, and attached thereto is the affidavit of the person to whom the process was given for service that:

"After due and diligent search by me made, I have been unable to find the within-named defendant, so as to serve him with the within summons."

This affidavit was made on August 13, 1907, or four days before the statute of limitations could commence to run. This overcomes the defendant's objection that the summons was not actually delivered for service prior to the expiration of six years from the date of the last item charged against the defendant. Several alias summons were thereafter issued in proper form and at proper times, so that the action was kept alive until personal service was made upon the defendant. It also appears that the person who made the service was competent to make it.

The court below gave judgment for the three items claimed. This was error. It has long been the settled law that one item of an account which is proven to exist within six years of the commencement of the action will not draw after it other items of more than six years' standing, so as to prevent the bar of the statute, unless it is shown that there were mutual accounts and reciprocal demands between the parties. Kimball v. Brown, 7 Wend. 322; Albro v. Figuera, 60 N. Y. 630; Compton v. Bowers, 5 Misc. Rep. 213, 25 Supp. 465. Nothing of the kind appears here. The only item of the plaintiff's claim, therefore, for which he can recover, is the one of August 16, 1901, amounting to the sum of $80; the others being barred by the statute.

The judgment must therefore be modified, by reducing it to the sum of $80 and appropriate costs in the court below, and, as modified, affirmed, without costs in this court. All concur. .