## LOWENTHAL v. RESNICK.

(Supreme Court, Appellate Term. June 5, 1908.)

LIMITATION OF ACTIONS—MUTUAL ACCOUNTS.

An account between a liquor seller and customer, consisting merely of debits on one side and payments made solely in cash and credits for the return of the demijohns in which he purchased his liquors on the other, is not a mutual current account, where there have been recip-

rocal demands by the parties, within Code Civ. Proc. § 386, providing that in an action brought on a mutual account, where there have been reciprocal demands between the parties, the cause of action accrues from the time of the last item proved on either side.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 296.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Lowenthal, doing business under the firm name of D. J. Lowenthal & Son, against Max Resnick. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Abraham Oberstein, for appellant.
Henry M. Levin, for respondent.

GILDERSLEEVE, P. J. The plaintiff sued for goods sold and delivered, consisting, as appears by the plaintiff's bill of particulars, of wines and liquors. Among the defenses set up was the statute of limitations. The summons was issued on November 8, and an alias on November 20, 1907, and served by a process served on November 23, 1907. The account between the parties as set forth in the bill of particulars begins September 7, 1901, and ends on April 16, 1902. Unless the account sued upon comes within the provisions of section 386 of the Code of Civil Procedure, which declares that "in an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side," only those portions of the charges against the defendant since November 23, 1902, can be allowed. The account as presented by the plaintiff consists of charges for whisky, porter, ale, etc., and occasionally a charge designated there as "D. J." The credits were wholly for cash, except the items entitled "D. J." in the charge account are credited as "D. J." by the plaintiff in the credit account. The letters "D. J." are evidently intended for demijohns in which the whisky, etc., were sold, and the credits are for same demijohns returned; and the plaintiff evidently took this method of keeping his accounts in order to show the return of the demijohns by the defendant or to charge him with those demijohns not returned. There was no claim made, nor evidence given, of any reciprocal demands between the parties whatever. The defendant was credited with payments made solely in cash and for the return of the demijohns in which he purchased his liquors. This account falls precisely within the line of those decisions similar to that of Compton v. Bowns, 5 Misc. Rep. 213, 25 N. Y. Supp. 465, in which the court said:

"The account, consisting apparently of debits on the one side and payments on the other, is not the mutual current account, where there have been reciprocal demands by the parties, contemplated by the statute."

There must be items upon both sides, other than mere cash payments. Albro v. Figuera, 60 N. Y. 630; Adams v. Olin, 140 N. Y.

161, 35 N. E. 448. Applying the rule laid down in those cases, the charges and credits furnished by the plaintiff upon the trial and which were not disputed by the defendant, shows that the amount of charges against the defendant since November 19, 1902, amounted to $389.78, while the amount of payments equals $388.37, leaving a balance due the plaintiff of $1.41, and for this sum only, under the pleadings and proof, should he have had judgment.

The plaintiff sought to prove his claim by the introduction of his books of account as evidence. The testimony offered by him as a basis for their introduction was objected to, and was clearly insufficient to comply with the rule laid down in Vosburgh v. Thayer, 12 Johns. 461, the leading case in this state, which shows what proof must be given to entitle a party to offer his books of account as evidence. The inadmissibility of the books under the evidence given would require a reversal herein; but the defendant in his brief has waived this error, should the court find that the defense of the statute of limitations was well founded.

The judgment is therefore modified, by reducing the amount of the recovery to the sum of $1.41, and, as modified, affirmed, with $15 costs to the appellant. All concur.