(67 Misc. Rep. 425.)

JOHN KLEIN WAGON WORKS v. HENCKEN–WILLENBROCK CO.

(Supreme Court, Appellate Term.   May 24, 1910.)

1. LIMITATION OF ACTIONS (§ 54*)—ACCOUNTS—PAYMENT.

There must be items on both sides, other than cash payments, to make applicable Code Civ. Proc. § 386; providing that the cause of action for a balance due on a mutual, open, and current account, where there have been reciprocal demands between the parties, accrues from the time of the last item; so, plaintiff having merely a demand for various items of work and materials, a subsequent item of payment by defendant will not affect the bar as to any of plaintiff's items.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 295–298; Dec. Dig. § 54.*]

2. SALES (§ 182*)—DELIVERY.

There being, in case of a sale, no agreement as to delivery, it is a question of fact whether delivery to a common carrier is sufficient.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 492–495; Dec. Dig. § 182.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the John Klein Wagon Works against the Hencken-Willenbrock Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

John H. Rogan (William B. Tullis, of counsel), for appellant.
P. A. Hatting (Abraham Harris, of counsel), for respondent.

PAGE, J.   This action was brought for work, labor, and services rendered and materials furnished in and about the repairs of certain wagons and the supply of certain repair parts between October, 1902, and November 9, 1905. The action was commenced on June 23, 1909. The defendant pleads the statute of limitations.

The plaintiff contends that a payment of $12, made in November, 1905, was sufficient to take any of the items included in the account out of the statute of limitations. The trial judge apparently adopted this view. This was error. This was not a mutual, open, and current account, provided for by section 386 of the Code of Civil Procedure. There was no evidence of reciprocal demands between the parties. There must be items on both sides, other than cash payments. Lowenthal v. Resnick, 110 N. Y. Supp. 1045; Elwood v. Hughes, 109 N.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Y. Supp. 25. Therefore the items of plaintiff's claim prior to June 23, 1903, must be excluded from plaintiff's recovery.

Several small items were delivered to the American Express Company, to be transported to the defendant. The defendant contends that this is not a good delivery. Where there is no agreement as to the delivery, whether the delivery to a common carrier is sufficient becomes a question of fact, and the judge below decided that fact in favor of the plaintiff.

There are no other exceptions that require consideration. The judge of the Municipal Court, sitting without a jury, has determined the issues in favor of the plaintiff, and the evidence was sufficient to sustain his finding.

The judgment should be modified, by deducting therefrom the sum of $57.25, with interest on $24.50 from October 20, 1902, on $25.25 from January 19, 1903, and on $7.50 from June 9, 1903, making a total of $81.45, and, as modified, affirmed, without costs to either party as against the other. All concur.