JAMES RALPH BAILEY,

·    ·    *vs.*    ·

LIGHTWELL STEEL SASH COMPANY.

In the Matter of Exceptions to Claim of Richard H. Catlin.

*New Castle, Nov.* 20, 1918.

Preference is given to the payment of rent in administering the estate of an insolvent corporation. ·

"Rent," entitled to preference in the administration of the estate of an insolvent corporation, is profit issuing out of land, and cannot reasonably include the cost of repairs which the tenant should have made, and which the landlord made, even if called rent.    ·    ·

Where an insolvent corporation had, as a tenant, agreed to pay forty per cent. of cost of a building to be erected, and six per cent. interest on the balance, and to buy the premises, the forty per cent. to be allowed as a credit on the price and if the purchase was not made the new building to remain the property of the landlord, the interest required to be paid was not rent, entitled to preferential payment, but can be allowed only as a general claim without priority.    .        · ·

Where an insolvent corporation, as tenant, had agreed to pay forty per cent. of cost of new building, and to pay six per cent. interest on balance of cost, and to purchase the building, and if the purchase was not made the new building to remain the property of landlord, a claim for the sixty per cent. will be disallowed in a receivership proceeding.    ·

Heard on exceptions by receiver to a creditor's claim.

. *William S. Hilles*, for receiver.

*Reuben Satterthwaite, Jr.*, for claimant.

THE CHANCELLOR.    The company had leased land and buildings at a fixed sum as annual rental payable in equal monthly portions.    The lessee agreed to maintain the premises in good order and repair at its own expense, and on failure to do so the

lessor could collect the cost thereof from the lessee. A claim was filed by the lessor for the cost of repairs which were necessary, and which the lessee had not made, and it was also claimed that the claim was entitled to priority and preference as though it were rent.

There was also a provision in the lease by which the lessor agreed to erect on the premises a new building for the use of the tenant, and the tenant agreed to pay forty per cent. of the cost thereof and six per cent. interest on the balance of the cost. Another term was that the tenant agreed to buy the premises and would be allowed as a credit on the price the forty per cent. of the cost of the new building, and if the purchase was not made the new building should remain the property of the landlord. During the term the new building was erected and the tenant paid its forty per cent. of the cost thereof. A claim was filed by the landlord for interest on the sixty per cent. of the cost of the new building and for preference as though it were rent.

Neither the cost of repairs nor the interest charge were rent, and so neither was entitled to preference and priority of payment over other creditors. Preference is given to the payment of rent in administering the estate of an insolvent corporation. Rent is a profit issuing out of land. It cannot reasonably include the cost of repairs which the tenant should have made, and which the landlord made (*Lowenthal v. Resnick*, [Sup.] 110 *N. Y. Supp.* 1045), even if it be called rent, for you do not alter the essential nature of a thing by misnaming it (*Miners' Bank v. Heilner*, 47 *Pa.* 452, where in a lease of a mine the lessees agreed to repay the landlord an improvement expense by "an additional rent of ten cents per ton on all coal taken out").

For the same reason the interest which the lessee was required to pay on the cost of the new building was not rent, or entitled to preferential payment as such. In *Mason v. Rogers*, 109 *Pa.* 319, 1 *Atl.* 665, the court said that interest which a vendor agreed to pay on purchase-money payments made by a vendee until possession be given to the vendee is not rent. Taxes which by the terms of the lease a tenant pays are not rent. 1 *Tiffany on Landlord and Tenant*, 1024.

The exceptions to the claim for sixty per cent. of the cost of

erecting the new building, being the claim for $6,514.44, is sustained. This was one of the terms of the agreement of the lessee to buy the premises, and it was evidently intended that the payment of the forty per cent. of the cost was the compensation to the landlord for the failure to purchase, for it was provided in the lease that if the lessee did not buy the premises then the building would belong to the landlord. But though this claim be rejected, the claim for interest on the sixty per cent. of the cost of the new building should be allowed, for though not rent it represents compensation for the use of the building.

Therefore the claims for the cost of repairs and for interest on the sixty per cent. of the cost of the new building are allowed as general claims without priority or preference over other creditors, and the claim for the sixty per cent. is disallowed.