The allowance of the petitioner's wage claim as preferred depends upon whether the statutory provisions touching preferences for wages are applicable to foreign corporations.
The pertinent provisions of the statute are found in the Revised Code of 1915, and are as follows:
"1971. Sec. 57. Lien of Employees. — Whenever any corporation, formed under the provisions of this chapter, shall become insolvent, the employees doing labor or service of whatever character in the regular employ of such corporation, shall have a lien upon the assets thereof for the amount of the wages due to them, not exceeding two months' wages respectively, which shall be paid prior to any other debt or debts of said corporation; but the word `employee' shall not be construed to include any of the officers of such corporation." Chapter 65.
"2877. Sec. 35. Wages of Employees of Insolvent Corporations. — Employees of insolvent corporations, created under chapter sixty-five, shall have a lien upon the assets of such corporation for wages due them, as provided by section 57 of said chapter." Chapter 79.
"4338. Sec. 19. Employees of Insolvent Corporations. — Employees of insolvent corporations shall have a lien for, and a preference in the payment of, wages due them from such corporation, not exceeding wages for two months, as provided in section 57 of chapter sixty-five." Chapter 133.
Chapter 65 of the Code deals with corporations and embraces all the provisions of the General Corporation Act of the state as they existed at the date of the Code's opera-? tion as law. The quoted section from that chapter, as well as section 2877 from chapter 79, applies to domestic corporations only. If the insolvent were a domestic corporation, the claim for preference would be a good one.
But the insolvent is not a domestic corporation. If the preference claimed in its case is valid, it must rest on some other statutory provision. Such provision, it is argued, is to be found in chapter 133, § 4338, quoted above. The argument is that section 4338 is by its initial language applicable generally to insolvent corporations and is not confined, as in the other two sections, to corporations created under chapter 65 which deals with domestic corporations.
If it were not for the concluding clause of section 4338, the assets of the foreign corporation here discussed would be subject to the preference claimed. That clause — "as provided in section 57 of chapter sixty-five" — seems to me to refer the whole subject of wage preference to section 57 of chapter 65 for ascertainment of the rule of its application. The petitioner takes the words "as provided," etc., as modifying only a portion of the principal clause of the section and denies to it any modifying character as to the entire principal clause. I cannot so interpret the language. If the petitioner is correct, then section 4338 of the Revised Code introduced an entirely new statutory provision *Page 725 
in our law, for until that section's appearance certainly there was no provision in the law allowing a wage preference in cases of foreign corporations doing business in this state. It was not the purpose of the Revised Code commissioners in the drafting of the 1915 Code, or of the Legislature in its enactment, generally speaking, to provide for new legislation. The purpose was, as is shown by the joint resolution creating the commission, "to codify and arrange existing law." While this general purpose was slightly departed from in a few instances, yet the general purpose of codifying and arranging existing law was adhered to. I am not persuaded that section 4338 was deliberately designed as the enactment of new law. The Code commissioners in an abundance of instances inserted under various chapters short provisions by way of reference to other and longer chapter sections dealing with the same subject. Thus a system of cross-references in the body of the work was adopted as a part of the Code's plan. These chapter cross-references are stated by the Code commissioners in their report to the General Assembly to be approximately 817 in number and their only purpose is, according to the language of said report, "to exhibit in each chapter all the law relating to its subject-matter." Journal of Senate and House, Extra Session 1914, p. 37. I look upon section 4338 as simply one of these short cross-reference sections, inserted for the purpose of facilitating the readers convenient use of the Code, and not as the original enactment of a new provision. Interpreting the words "as provided," etc., in harmony with this view, it follows that section 57 of chapter 65 contains the rule for guidance. That section allows the preference now sought only "whenever" the corporation is a domestic one.
Though the preference cannot be allowed to the extent asked for under the provisions thus far referred to, yet the petitioner may be allowed a preference under another section found in the Code chapter on executions. That section is as follows:
"4332. Sec. 13. Wages in New Castle County; Preference of; in WhoseFavor; Limit of Amount; Notice of Claim. — In New Castle county all debts or claims that may become due or growing due for labor or services rendered by any mechanic, laborer, clerk or other employee of any person or persons, chartered company or association employing laborers, clerks or mechanics in any manner whatsoever, shall be a first lien on all the real and personal property of such employer or employers, and shall be the first to be satisfied out of the proceeds of the sale of such property, whether made by an officer or an assignee of such employer or employers or otherwise: Provided, however, that the debt or claim, so secured to the mechanic, laborer, clerk or other employee, shall not exceed a sum equal to the wages of such mechanic, laborer, clerk, or other employee for one month: And provided further, that in no event shall such debt or claim exceed the sum of fifty dollars, though the wages for one month may be a greater sum. Notice of such claim or debt shall be given to the coroner, sheriff, constable, assignee, or other person who shall make or conduct the sale of property subject to the lien or preference hereby provided for." Chapter 133.
The extent of the preference here allowed is for one month and not over $50. I do not see, however, how the preference thus allowed can be paid until a sale has been had of real or personal property upon which the lien for wages is granted by the section.
Order accordingly.
 *Page 149