Nelson Clough, William J. Selway, Francis W. Walls, William A. Clouser, Annias Tressle, Herbert I. Haines, M. Russell Krause, Horace N. Stoops, Earl Diffenderfer, Haines Faulkner, Lewis R. McGovern, John Deakyne, James Muldowney, and Clyde M. Eckman,

*vs.*

Superior Equipment Corporation, a corporation existing under the laws of the State of Delaware.

*New Castle, July* 8, 1931.

*Dudley C. Lunt,* for petitioning claimants.

*Reuben Satterthwaite, Jr.,* and *William H. Foulk,* for mortgagee.

*William Prickett,* for receiver.

THE CHANCELLOR: When the receiver was appointed in this case on the ground of insolvency, the corporation was possessed of real estate encumbered by a mortgage. Its personal property had been levied upon on executions issued out of the Court of Common Pleas, New Castle County.

The receiver took possession of all the real and personal property and in due course sold the same under orders of this court. The proceeds are now in hand awaiting distribution. The real estate brought considerably less than the amount due on the mortgage. How much, if any, the proceeds of the personal property fall short of equalling the amount of the execution liens, was not stated at the argument.

The present controversy is between the wage claimants on the one hand, and the mortgagee and the execution creditors on the other. The wage claimants assert a right to be paid their claims first out of the proceeds of the personalty ahead of the execution creditors who had obtained liens thereon by levy prior to the receivership; and, if the proceeds of the personalty are insufficient, then out of the proceeds of the realty ahead of the mortgagee whose mortgage antedated the receivership by a considerable time.

The preferred claims for wages are asserted under *Section* 57 of the *General Corporation Law* of this State, under which the insolvent defendant was incorporated. That section was originally printed in the *Revised Code* of 1915 under section number 1971, and as amended by 36 *Del. Laws, c.* 137, is as follows:

"1971. *Section* 57. LIEN OF EMPLOYEES: Whenever any corporation formed under the provisions of this Chapter, or any foreign corporation doing business in this State, shall become insolvent, the employees doing labor or service of whatever character in the regular employ of such corporation, shall have a lien upon the assets thereof for the amount of the wages due to them, not exceeding two months' wages respectively, which shall be paid prior to any other debt or debts of said corporation; but the word 'employee' shall not be construed to include any of the officers of such corporation."

It is to be observed that while the statute gives a lien, its ranking order is not designated, unless the direction that the wages "shall be paid prior to any other debt or debts" may be taken as indicating a seniority of rank. A debt, it may be said, remains a debt notwithstanding it may be secured by a lien and so, it may be argued, that in placing the wages ahead of all other debts, the statute puts the wages ahead of lien-secured debts as well as others.

But such cannot be the meaning of the statute. The word "assets" prevents the adoption of such meaning. The lien given is specifically "upon the assets." Where the property of the corporation is subject to a lien existing at the time of insolvency, the assets upon which the laborer's lien is affixed consist of the property of the corporation subject to the liens then existing upon it. It was so held in *Hinkle v. Camden Safe-Deposit & Trust Co.*, 47 *N. J. Eq.* 333, 21 *A.* 861, 862, and in *Wright, et al., v. Wynockie Iron Co.*, 48 *N. J. Eq.* 29, 21 *A.* 862, 863. In the former case the Court of Errors and Appeals adopted the opinion of the Vice-Chancellor in the court below, in which it was said— "The receiver takes the property subject to the mortgage. In his hands it is an asset only to the extent of the equity of redemption." In the latter case, levies under execution had been made when a receiver was appointed, and the Chancellor held that "assets" to which the laborer's lien attached were the property of the insolvent subject to the lien of the levies, and that the latter therefore outranked the former.

The statute of 1887 upon which these two New Jersey

cases were decided was to all intents and purposes the same as our own. "It was not intended," said the Chancellor in discussing the New Jersey statute in *Wright v. Wynockie Iron Co., supra,* "that a lien fairly and in good faith obtained by a vigilant and active creditor, before the adjudication of insolvency, should thereafter become second to the claims of laborers."

The later New Jersey case of *Fitzgerald, et al., v. Maxim Powder Mfg. Co., (N. J. Ch.)* 33 *A.* 1064, cited by the solicitor for the wage claimants, in no sense lessens the force of the two earlier cases, because it deals with an entirely distinct and later statute, which was no part of the act in which the provision is to be found that is dealt with in the earlier cases.

The provision of the *New York Labor Law* that upon the appointment of a receiver "the wages of the employees * * * shall be preferred to every other debt or claim," was held by Circuit Judge Lacombe in *Schmidtman v. Atlantic Phosphate & Oil Corp.,* 230 *F.* 769, 770, not to give the wage claimants a lien ahead of a mortgage existing prior to the receivership. And in *Conard, et al., v. Atlantic Insurance Co.,* 1 *Pet.* 386, 7 *L. Ed.* 189, the right of the United States given by statute to have its debt "first satisfied" out of the "estate" of an insolvent or of a deceased person, was held by the Supreme Court of the United States not to give the United States a right to be paid ahead of liens existing prior to the insolvency, or to the decease, of the debtor. This ruling was deduced from the word "estate" by which, the court in substance said, was meant the interest the debtor had in his property after the satisfaction of mortgages and liens by levy under *fieri facis.* Similarly the word "assets" in the Delaware statute is to be construed as meaning the property interest of the corporation that is left after prior incumbrances are satisfied.

Inasmuch as the proceeds from the realty are insufficient to discharge the mortgage debt, the wage claimants

cannot receive anything from that source as a preference under *Section* 57 of the *General Corporation Act.*

Neither can they receive anything by way of preference under that *Section* from the proceeds of the personalty except to the extent that the property, on which liens by levy existed, brought an excess over the amounts due on the executions. As to such excess, as well as to the proceeds of personal property not levied on, preference under *Section* 57 is allowable.

It may be that the foregoing will result in the wage claimants finding no "assets" out of which to obtain a preference under *Section* 57. But there is another provision of the *Code* which affords them a preference, less extensive however than that afforded by *Section* 57. I refer to *Section* 4332 of the *Revised Code of* 1915. That section is, as follows:

"4332. *Section* 13. WAGES IN NEW CASTLE COUNTY; PREFERENCE OF; IN WHOSE FAVOR; LIMIT OF AMOUNT; NOTICE OF CLAIM: In New Castle County all debts or claims that may become due or growing due for labor or services rendered by any mechanic, laborer, clerk or other employee of any person or persons, chartered company or association employing laborers, clerks or mechanics in any manner whatsoever, shall be a first lien on all the real and personal property of such employer or employers, and shall be the first to be satisfied out of the proceeds of the sale of such property, whether made by an officer or an assignee of such employer or employers or otherwise: Provided, however, that the debt or claim, so secured to the mechanic, laborer, clerk or other employee, shall not exceed a sum equal to the wages of such mechanic, laborer, clerk, or other employee for one month: And provided further, that in no event shall such debt or claim exceed the sum of fifty dollars, though the wages for one month may be a greater sum. Notice of such claim or debt shall be given to the coroner, sheriff, constable, assignee, or other person who shall make or conduct the sale of property subject to the lien or preference hereby provided for."

This section was originally enacted in 1879 (16 *Del. Laws, ch.* 147). In *Lupton v. Hughes,* 2 *Pennewill,* 515, 47 *A.* 624, it was held that the enactment of *Section* 57 (then *Section* 52) of the *General Corporation Act* in 1899 did not

repeal the section quoted above as now appearing under *Section* number 4332 of the *Code*. And in *Atlantic Refining Co. v. Penn Seabord Steel Corp.*, 16 *Del. Eq.* 1, 138 *A.* 724, this court held that if a sale has been made by a receiver, the proceeds derived therefrom are subject to the preferred payment of the claims for wages to the extent given by *Section* 4332. *Lupton v. Hughes, supra,* decided that the wage preference given by the present *Code, Section* 4332, outranks the liens of both a landlord for rent and of a creditor having a lien under an execution. The property involved in that case was personal property. The conclusion to which these cases lead is that as to the proceeds from personal property, the wage claimants have a preference up to fifty dollars which outranks the execution lienors regardless of when the liens by levy were obtained.

They cannot, however, claim the fifty dollars preference as against the proceeds derived from the real property for the reason that *Section* 4333 of the *Code* provides that the lien given by the preceding section shall not attach to real estate unless a verified copy of the claim is filed in the Prothonotary's office within one month after the same shall become due and owing. None of the claimants complied with this requirement which is made a condition precedent for the attaching of their liens upon real estate. The condition is not exacted as against personal property.

Order in accordance with the foregoing.