VINCENT DI ANGELO,

*vs.*

MCCORMICK BROS., INC., a corporation of the
State of Delaware.

In the Matter of the Petition of Wage Claimants for
Priority of Payment Ahead of Lien Creditors from Proceeds
of Sale of Personal Property.

*New Castle, June* 12, 1933.

*Victor J. Colombo,* for wage claimants.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for chattel mortgagee and lien creditors.

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for receiver.

THE CHANCELLOR: The statute upon which the employees rely in support of their claim that wages for not over one month and in no case for over fifty dollars must be paid ahead of the claims of the chattel mortgagee and the execution creditors, is found in *Section* 4332 of the *Revised Code of* 1915. It is as follows:

"4332. *Sec.* 13. WAGES IN NEW CASTLE COUNTY; PREFERENCE OF; IN WHOSE FAVOR; LIMIT OF AMOUNT; NOTICE OF CLAIM:—In New Castle County all debts or claims that may become due or growing due for labor or services rendered by any mechanic, laborer, clerk or other employee of any person or persons, chartered company or association employing laborers, clerks or mechanics in any manner whatsoever, shall be a first lien on all the real and personal property of such employer or employers, and shall be the first to be satisfied

out of the proceeds of the sale of such property whether made by an officer or an assignee of such employer or employers or otherwise: Provided, however, that the debt or claim, so secured to the mechanic, laborer, clerk, or other employee, shall not exceed a sum equal to the wages of such mechanic, laborer, clerk or other employee for one month: And provided further, that in no event shall such debt or claim exceed the sum of fifty dollars, though the wages for one month may be a greater sum. Notice of such claim or debt shall be given to the coroner, sheriff, constable, assignee, or other person who shall make or conduct the sale of property subject to the lien or preference hereby provided for."

There is an intimation on the brief of the solicitor representing the chattel mortgagee and the lien creditors, that as the statute in its terms applies only where there is an execution sale, it should not be stretched to cover sales made by a receiver appointed under the insolvency statute. This intimation is sufficiently answered by the principle of the cases in this State which hold that a landlord's statutory preference for a year's rent over execution creditors will be allowed to him out of the proceeds realized by a receiver of an insolvent corporation from the sale of chattels of the insolvent located on the demised premises. The statute giving the landlord his preference (*Revised Code* 1915, § 4595), like the statute here in question, applies in terms only where there is an execution sale; but the instances are innumerable in which the rent preference, notwithstanding the statute which affords it contemplates its assertion only where there is an execution sale, has been repeatedly allowed in receivership causes of the instant type. In *Bailey v. Lightwell Steel Sash Co.*, 12 *Del. Ch.* 60, 105 *A.* 376, 377, Chancellor Curtis categorically stated that "preference is given to the payment of rent in administering the estate of an insolvent corporation," and in *Conover v. Sterling Stores Co.*, 14 *Del. Ch.* 26, 120 *A.* 740, I took occasion to point out the reason why in my judgment any other rule would be highly inequitable. The same reason which allows the statutory rent preference to be asserted in corporate receiverships based on insolvency,

inescapably allows the statutory wage preference to be similarly asserted.

Where *Section* 4332 of the code is applicable, the preference given by it to a wage claimant takes precedence ahead even of the claim in satisfaction of which the property is sold in execution. The statute is very explicit in that regard, and it was so applied in *Clough v. Superior Equipment Corp.* 18 *Del. Ch.* 65, 156 *A.* 249.

But the solicitor for the lien creditors contends that *Section* 4332, in so far as the wage preference of employees of an insolvent corporation is concerned, has been repealed by *Section* 57 of the *General Corporation Law* of this State (*Revised Code* 1915, § 1971). That section in its present form, as amended by 36 *Del. Laws, c.* 137, is as follows:

"Whenever any corporation formed under the provisions of this Chapter, or any foreign corporation doing business in this State, shall become insolvent, the employees doing labor or service of whatever character in the regular employ of such corporation, shall have a lien upon the assets thereof for the amount of the wages due to them, not exceeding two months' wages respectively, which shall be paid prior to any other debt or debts of said corporation; but the word 'employee' shall not be construed to include any of the officers of such corporation."

This section prior to its amendment in 1929 (the amendment is of no significance in the instant case) appears in the *Revised Code of* 1915 as *Section* 1971. In its unamended form it was known as *Section* 52 of the *General Corporation Law* in the year 1900 when the case arose of *Lupton v. Hughes,* 2 *Pennewill,* 515, 47 *A.* 624.

I refer to *Lupton v. Hughes, supra,* because in *Clough v. Superior Equipment Co., supra,* I stated that *Lupton v. Hughes* had decided that *Section* 4332 of the code, under which the present preference is asserted, was not repealed by *Section* 52 (now *Section* 57) of the *General Corporation Law.* In thus saying that *Lupton v. Hughes* is an authority

against the contention now made by the solicitor for the creditors, viz., that the present *Section* 57 of the *General Corporation Law* did not repeal *Section* 4332 of the code, under which the present preference is asserted, I spoke too generally. Upon a more careful reading of *Lupton v. Hughes,* it becomes apparent that the court deciding that case left undetermined the question of the repeal of *Section* 4332 in its application to corporations that have been adjudged to be insolvent.

It therefore becomes necessary for me to pass upon the question of the repeal of *Section* 4332 as applied to insolvent corporations, without the aid of *Lupton v. Hughes* as a pertinent authority.

The principle upon which the contention rests that *Section* 57 of the *General Corporation Law* repeals *Section* 4332 of the code where the corporation-debtor is insolvent, is stated by the solicitor for the lien creditors to be that a subsequent statute repugnant to a former law works a repeal of such former law to the extent of the inconsistencies, though no express repealer is included. *State v. Peverly,* 2 *W. W. Harr.* 443, 125 *A.* 421; *Husbands v. Talley,* 3 *Pennewill,* 88, 47 *A.* 1009, and 1 *Lewis' Southerland Statutory Construction,* (2d *Ed., p.* 463, are cited in support of this principle.

It is of course a familiar rule that an act may be declared to have been impliedly repealed by a later one if it sufficiently appears that the legislative intent, notwithstanding the absence of express language manifesting it, was that the two acts should not stand together. But it is an equally familiar rule that the repeal of statutes by implication is not favored. "The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication if they can avoid doing so consistently or on any reasonable hypothesis or if they can arrive at another result by any construction which is fair and reasonable." 59 *C. J.* 905.

· In the instant case the repeal of *Section* 4332 of the code by *Section* 1971 as amended (*Section* 57 of the *General Corporation Law* as amended) is said to rest if not upon a repugnancy between the two, at least upon a supposed substitution by the Legislature of the latter for the former as exclusively and comprehensively covering the entire subject-matter of legislative preference to employees for wages in the cases of corporate employers who become insolvent.

Of course the later act cannot in any view be said to cover the entire field of the former, for as held in *Lupton v. Hughes, supra,* the later act is applicable only to insolvent corporations, whereas the earlier one is applicable in the case of any corporation, whether insolvent or solvent, as well as to any person or persons or associations.

The earlier act is differentiable from the later one in another particular, viz., in the geographical extent of its operation, for whereas the preference in the earlier act is confined in its application to New Castle County, the preference in the later one is general in its application without regard to location.

But another and, for the purposes of this case, a more important distinction exists between the two in this, viz., that whereas the wage preference given by the later act is subordinate to existing liens, the preference given by the earlier act is senior in rank to existing liens. *Clough v. Superior Equipment Co., supra.*

Thus the two acts while dealing with the same general subject-matter are quite distinguishable in their scope. There is no repugnancy between them. Nor can I see that there is any justification for saying that the Legislature must have intended by its enactment of the later statute to say that if a corporation is insolvent, wage claimants should look to the later act alone for an exclusive definition of their preferential rights. By the earlier act, the Legislature, so far as corporate debtors are concerned, said that

wages should be preferred in all cases ahead of every other person, even senior lienors, to the extent at least of one month's pay and not exceeding fifty dollars; by the later act, as construed in *Clough v. Superior Equipment Co.*, *supra*, it said that if the corporation is insolvent, a wage claimant might have a preference for two months' wages if, after existing prior liens are paid, there are general assets sufficient to meet the preference. Of course to the extent that a wage claimant should receive payment under the earlier act, his claim under the later one would be abated.

The solicitor for the lien creditors says on his brief that if the foregoing be adopted as the proper view to take of these two acts, the result is that an employee would have a prior claim for one month up to fifty dollars and a secondary claim, (but prior of course to all claims other than those founded on existing liens) for two months without limit as to amount. That is true. But why it must follow, as he argues, that the Legislature could never have intended to mean that result to be the law without expressly saying so, I am unable to see. There is nothing complicated about it. In so far as New Castle County is concerned, it guarantees a wage earner a minimum of preference in all cases, and allows him a maximum in a restricted class of cases.

This view of the matter furnishes a reasonable basis on which to harmonize the two acts, leaving to each its full force and effect. In the light of the mandate which courts have imposed on themselves to reconcile later with earlier legislation if possible, in order to avoid the necessity of declaring an implied repeal of the earlier, and finding a satisfactory basis of reconciliation on which the two acts here under review can be harmonized, I conclude that the earlier act, in its application to insolvent corporations, remains unrepealed and that the preference claimed should be allowed.

Order accordingly.